UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| KEIRON M. ELIAS, | No. 2:17-cv-2106 WBS DB |
|         Plaintiff, | |
|   v. | ORDER |
| J. KINROSS, et al., | |
|         Defendants. | |

----oo0oo----

        Plaintiff, an inmate the California Medical Facility, filed this suit alleging various claims under the Free Exercise Clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). His claims are based on the alleged confiscation of his bottled ink used for religious purposes and the resulting disciplinary proceedings against him for allegedly possessing tattoo paraphernalia. Defendants' motion for summary judgment (Docket No. 40) and the Magistrate Judge's Findings and Recommendations (Docket No. 54) are now pending before the court. After the Magistrate Judge issued her

1

1   Findings and Recommendations, the court appointed counsel for the
2   limited purpose of opposing defendants' summary judgment motion
3   (see Docket No. 56), and the parties have since submitted
4   supplemental briefing.

5         The court notes that the Findings and Recommendations
6   recommend dismissal of the suit based on the determination that
7   defendants' actions did not substantially burden plaintiff's
8   religious beliefs, "because there is no evidence that plaintiff's
9   religious beliefs mandate him to use bottled ink of the type
10  confiscated." (Docket No. 54 at 7-8.) The findings and
11  recommendations did not address whether defendants' actions (1)
12  furthered a compelling government interest, (2) were the least
13  restrictive means of doing so, or (3) were reasonably related to
14  a legitimate penological interest. (Id. (citing, inter alia, 42
15  U.S.C. §§ 2000cc-1(a); Hartmann v. Cal. Dep't of Corr. & Rehab.,
16  707 F.3d 1114, 1124-25 (9th Cir. 2013); Jones v. Williams, 791
17  F.3d 1023, 1031-32 (9th Cir. 2015).)

18        Further, the Findings and Recommendations do not
19  address plaintiff's allegations that his religious practices
20  require him to possess bottles of ink so that he may engage in
21  drawing "Sacred Pentacles of Solomon" or any of the evidence
22  submitted in support of those allegations. According to
23  plaintiff, these drawings must be made by a feather dipped in
24  colored ink, requiring the use of ink blown into bottles.[1] (See,

---

[1] If plaintiff's contention that he must use a feather dipped in bottled ink is true, then the observation in the Findings and Recommendations that "plaintiff may possess and use non-bottled pen ink for the purpose of drawing" (Docket No. 54 at 7) is not dispositive as to the determination of whether his religious practices were substantially burdened. The court

e.g., Docket Nos. 9 at 3; 40-4 at 10-11; 51 at 13-14; 64 at 2-4.)

Accordingly, this case is REMANDED to the Magistrate Judge for further findings and recommendations addressing (1) whether plaintiff has raised a genuine issue of material fact as to whether defendants' actions substantially burdened his religious beliefs, and (2) if so, whether plaintiff's evidence raises a triable issue of fact as to either his RLUIPA or Free Exercise claims.

IT IS SO ORDERED.

Dated: April 29, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

expresses no opinion as to whether plaintiff has submitted evidence sufficient to raise a genuine issue of material fact as to whether his religious beliefs were substantially burdened.

3