UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEIRON M. ELIAS, | No. 2:17-cv-2106 WBS DB P |
| Plaintiff, | |
| v. | ORDER |
| J. KINROSS, et al., | |
| Defendants. | |

Plaintiff,[1] a state prisoner, proceeds through appointed limited-purpose counsel with claims under the Free Exercise Clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Following the court's order of April 2, 2019 (ECF No. 23), this case proceeded only on (1) a First Amendment free exercise claim against Correctional Officer Kinross, Lieutenant Gilliam, and Lieutenant Appleberry, and (2) a claim under RLUIPA against Warden Fox for prospective injunctive relief.

For the following reasons, the court will substitute Jennifer Benavidez, Chief Deputy Warden at the California Medical Facility ("CMF"), for Warden Fox under Rule 25(d) of the Federal Rules of Civil Procedure as to the RLUIPA claim presently against Warden Fox for prospective injunctive relief.

---

[1] Plaintiff uses the pronouns "she" and "her" for herself. (See, e.g., ECF No. 68 at 2.) The court uses the same pronouns for plaintiff in this order.

1

Plaintiff's claims arose out of the confiscation of property—bottles containing colored pen ink—used for religious exercise. The property was deemed to be tattoo paraphernalia and plaintiff was disciplined. (See generally, ECF No. 9, first amended complaint.)

On July 12, 2022, the undersigned issued findings and recommendations to grant the defendants' motion for summary judgment only as to the First Amendment claim against defendant Appleberry. (ECF No. 40.) The findings and recommendations contained notice that any objections to the findings and recommendations were to be filed within 14 days and that any responses to objections were to be filed within 7 days. (Id. at 14.)

On July 25, 2022, defendants filed objections to the findings and recommendations in which they raised, among their objections, new arguments in support of their motion for summary judgment. (ECF No. 67.) Specifically, in their objections, defendants made new arguments pertaining to the availability of paint (as opposed to ink) for plaintiff's religious exercise, whether plaintiff continued to perform the religious ceremony at issue, the Wiccan altar and items in plaintiff's cell, and the prevalence of tattoo ink in prison. (ECF Nos. 67; 67-1 at 2.) Defendants also argued for the first time that the RLUIPA claim against Warden Fox became moot because (1) the events in the First Amended Complaint occurred at CMF, but plaintiff now resides at California State Prison – Los Angeles; and (2) Warden Fox is retired and unable to enforce any prospective relief ordered. (ECF No. 67 at 14-15.) Plaintiff, who is currently represented by appointed limited-purpose counsel (see ECF No. 56), did not respond to these arguments through counsel. However, plaintiff filed a pro se response to defendants' objections to the findings and recommendations.[2] (ECF No. 68.)

The district court has discretion to consider, but is not required to consider, arguments raised for the first time in a party's objections. See United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000). The district judge assigned to this case will exercise discretion whether to consider defendants' arguments raised for the first time in their objections. See id. At this time,

---

[2] Litigants represented by counsel are not entitled to file documents with the court on their own behalf. If a party represented by counsel wishes to proceed on a pro se basis, that party or counsel must comply with Local Rule 182 to obtain an order for substitution in place of counsel. Nevertheless, in this instance, the court has read plaintiff's pro se response.

1    the undersigned declines to vacate the July 12, 2022 findings and recommendations on the basis
2    of the new arguments set forth in defendants' objections.[3]

3    Because Warden Fox is no longer Warden at CMF, where the events giving rise to
4    plaintiff's claims took place, the court will order substitution of Warden Fox's successor under
5    Rule 25 of the Federal Rules of Civil Procedure. In an official capacity suit, the real party in
6    interest is the entity that employs the defendant. See Kentucky v. Graham, 473 U.S. 159, 166
7    (1985). Thus, Rule 25 provides for automatic substitution of Warden Fox's successor. See Fed. R.
8    Civ. P. 25(d) ("when a public officer who is a party in an official capacity… ceases to hold office
9    while the action is pending[,] [t]he officer's successor is automatically substituted as a party");
10   accord Wood v. Yordy, 753 F.3d 899, 904 (9th Cir. 2014) (noting the RLUIPA "does not
11   authorize suits against a person in anything other than an official or governmental capacity").

12   The prospective injunctive relief requested in the first amended complaint[4] is "dismissal
13   of the guilty findings" that resulted from the events alleged in the complaint. (See ECF No. 9 at
14   7.) Liberally construing the pro se pleading, this request for relief encompasses expungement of
15   the disciplinary action and restoration of any good time lost. This court has held that, because of
16   the differences between RLUIPA and 42 U.S.C. § 1983, an inmate is not required to file a habeas
17   petition to pursue an RLUIPA claim seeking restoration of time credits, as would be necessary for
18   such relief to issue under § 1983. Mayweathers v. Terhune, 328 F. Supp. 2d 1086, 1101 (E.D.
19   Cal. 2004); see also Warsoldier v. Woodford, 418 F.3d 989, 993 n. 4 (9th Cir. 2005) (declining to
20   decide the issue where the inmate had not challenged loss of time credits). Defendants' mootness
21   argument contains no indication the current Warden at CMF would lack the authority to grant

---

[3] Defendants waited to submit substantive arguments pertaining to the motion for summary judgment until the time for objections to the findings and recommendations even though the basis for at least one of the arguments was known shortly after the normal course of briefing had concluded. (See ECF No. 67-1 at 1.) Such delay defeats the purpose for which the magistrate judge system was designed, "to alleviate the workload of district courts." See Howell, 231 F.3d at 622 (citation omitted).

[4] Plaintiff's pro se filing implies there was a second amended complaint that superseded the first amended complaint. (See ECF No. 68 at 1.) Plaintiff is mistaken; the operative complaint is the first amended complaint. (See ECF No. 18, plaintiff's notice to the court declining to file a second amended complaint & ECF No. 20, order to serve the first amended complaint on defendants.)

plaintiff the requested relief of expunging discipline imposed at CMF. The current Warden at CMF is Jennifer Benavidez. See https://www.cdcr.ca.gov/facility-locator/cmf/, last visited September 8, 2022. Accordingly, Jennifer Benavidez will be substituted in an official capacity for Warden Fox.

In accordance with the above, IT IS HEREBY ORDERED:

1. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Jennifer Benavidez, Warden, is SUBSTITUTED as defendant for plaintiff's RLUIPA claim, replacing Warden Fox.

2. The July 12, 2022 findings and recommendations remain submitted to the district judge assigned to this case.

Dated:  September 9, 2022

elia2106.r25

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE