UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEIRON M. ELIAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. KINROSS, et al.,<br><br>　　　　　Defendants. | No.  2:17-cv-2106 WBS DB P<br><br><br>ORDER |

　　　　Plaintiff, a state prisoner currently proceeding through limited-purpose counsel, filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to the assigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On July 12, 2022, the Magistrate Judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days.  Defendants filed objections to the findings and recommendations. (ECF No. 67.)

　　　　In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case.  Having carefully reviewed the entire file, and considered the oral arguments of counsel, the court finds the findings and recommendations to be supported in part by the record and by proper analysis.  Specifically, the court agrees that (1) summary judgment should be granted as to the First Amendment claim against defendant

1

Appleberry, for the reasons discussed by the Magistrate Judge; (2) there is a genuine dispute of material fact as to whether the conduct of defendants Kinross and Gilliam violated plaintiff's First Amendment rights, for the reasons discussed by the Magistrate Judge; and (3) summary judgment as to Warden Benavidez must be denied because qualified immunity does not bar actions for injunctive relief, see Presbyterian Church (U.S.A.) v. United States, 870 F.2d 518, 527 (9th Cir. 1989).[1]

The court declines to adopt the findings and recommendations with respect to whether defendants Kinross and Gilliam are entitled to qualified immunity, however. To determine whether an officer is entitled to qualified immunity, the court considers: (1) whether there has been a violation of a constitutional right; and (2) whether the officers' conduct violated "clearly established" federal law. See Sharp v. Cnty. of Orange, 871 F.3d 901, 909 (9th Cir. 2017) (citing Kirkpatrick v. Cnty. of Washoe, 843 F.3d 784, 788 (9th Cir. 2016)). The Supreme Court has noted that the law does not require a case directly on point for a right to be clearly established. White v. Pauly, 137 S. Ct. 548, 551 (2017). At the other extreme, however, when determining whether the right at issue has been clearly established, the court may not "define clearly established law at a high level of generality." See Kisela v. Hughes, 138 S. Ct. 1148, 1152 (2018) (citation omitted). Rather, "the clearly established law at issue must be particularized to the facts of the case," and "existing precedent must have placed the statutory or constitutional question beyond debate." White, 137 S. Ct. at 551-52 (quotations and citations omitted).

The court agrees that it was clearly established prior to 2018 that a prison official violates the Free Exercise Clause by substantially burdening an inmate's religious exercise without a valid basis that is reasonably related to legitimate penological interests. See Shakur v. Schriro, 514 F.3d 878, 883-84 (9th Cir. 2008). However, this general proposition defines the right too broadly. The more relevant question here would be whether there was clearly established law that a

---

[1] At oral argument, defendants raised arguments regarding the Religious Land Use and Institutionalized Persons Act ("RLUIPA") claim not raised in their objections to the Magistrate Judge's Findings and Recommendations. Defendants also raised new arguments in their objections that were not presented in their summary judgment briefing. Because these arguments were not properly raised, the court does not consider them in deciding the motion for summary judgment.

1   prisoner has the right to possess contraband, as that is defined by the prison rules, for religious

2   purposes.  Plaintiff has not pointed to, and the court has been unable to find, any case to support

3   such a clearly established right.  To the contrary, defendant has pointed out that California prison

4   regulations provide a process for religious service accommodations, including for approval of

5   "items not otherwise authorized," Cal. Code Regs. tit. 15 § 3210(d), and there is no dispute that

6   plaintiff did not seek such approval, thus supporting the conclusion that defendants were not on

7   notice that the failure to allow plaintiff the use of bottled ink without his following the established

8   procedure for requesting it would have violated clearly established law.

9         Overall, the case law does not sufficiently put defendants on notice that their actions in

10  this case constituted a substantial burden on plaintiff's free exercise of his religion.[2]  See Canell

11  v. Lightner, 143 F.3d 1210, 1214–15 (9th Cir. 1998).  Accordingly, the court will grant summary

12  judgment in favor of defendants Kinross and Gilliam on the Free Exercise Clause claim on the

13  basis of qualified immunity.

14        Accordingly, IT IS HEREBY ORDERED that:

15        1. The findings and recommendations filed July 12, 2022, are adopted to the extent they

16  are not inconsistent with this order; and

17        2. Defendants' motion for summary judgment (ECF No. 40) is granted in part and denied

18  in part, as follows: GRANTED as to the First Amendment claim against defendant Appleberry;

19  GRANTED as to the First Amendment claims against Kinross and Gilliam; and DENIED as to

20  the RLUIPA claim now proceeding against Warden Benavidez for prospective injunctive relief.

21  Dated:  October 24, 2022

22                                             WILLIAM B. SHUBB

23                                             UNITED STATES DISTRICT JUDGE

---

[2]  Indeed, the court notes that the Magistrate Judge initially found that the uncontested facts showed that defendants did not substantially burden plaintiff's practice of religion, though that finding has since been withdrawn.  (See Docket No. 54.)