UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEIRON M. ELIAS, | No. 2:17-cv-02106-WBS DB P |
| Plaintiff, | |
| v. | ORDER REQUIRING RESPONSE FROM PLAINTIFF |
| JENNIFER BENAVIDEZ, | |
| Defendant. | |

Plaintiff proceeds pro se[1] with a claim for prospective injunctive relief under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). The time for filing dispositive motions expired and the dispositive motion filed was resolved. Plaintiff then filed an interlocutory appeal which has been dismissed. (ECF Nos. 78, 81.)

In advance of setting a further schedule for this litigation, including due dates for pretrial statements, the court previously inquired as to each party's position on the usefulness of scheduling a settlement conference. Specifically, by order signed on November 15, 2022, and filed on November 16, 2022, the court ordered that within 14 days, "each party shall file a notice

---

[1] Plaintiff's previous representation by limited purpose counsel terminated on October 25, 2022, when the court ruled on defendant's March 11, 2021 motion for summary judgment. (See ECF Nos. 56, 73.)

1

briefly stating whether or not the party believes scheduling a settlement conference would be useful at this time[.]" (ECF No. 75.)[2]

On November 28, 2022, defendant Benavidez filed a timely response to the court's order. (ECF No. 57.) Plaintiff has not responded to the court's order.

"Failure of… a party to comply with… any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. The Federal Rules of Civil Procedure provide "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Such a dismissal "operates as an adjudication on the merits." Id.; see also Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) ("courts may dismiss under Rule 41(b) sua sponte").

The court will now order plaintiff to file a response which may indicate whether or not plaintiff believes scheduling a settlement conference could be useful at this time. Plaintiff is warned that failure to respond to this order may result in the imposition of sanctions, including dismissal of plaintiff's claim for failure to prosecute.

In accordance with the above, IT IS HEREBY ORDERED that within 21 days of the date of this order, plaintiff shall file a brief notice stating whether or not plaintiff is amenable to a settlement conference being set before another magistrate judge at this time.

Dated:  February 17, 2023

DLB7
elia2106.osc.adr

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

---

[2] This case was previously referred to the court's Post-Screening ADR Project, but no settlement conference was held as a result of that referral. (ECF Nos. 30, 33, 34.)